[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 280.]

DAYTON BAR ASSOCIATION *v*. SEALL.

[Cite as *Dayton Bar Assn. v. Seall*, 1998-Ohio-630.]

*Attorneys at law—Misconduct—One-year suspension with credit for time served under interim suspension—Conviction of conspiracy to commit tax fraud—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 97-2258—Submitted December 10, 1997—Decided March 25, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-37.

———————————

{¶ 1} On April 14, 1997, relator, Dayton Bar Association, filed a complaint charging that respondent, William H. Seall of Centerville, Ohio, Attorney Registration No. 0018722, had violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent had pled guilty to and was convicted of conspiracy to commit tax fraud, a felony, in violation of Section 371, Title 18, U.S.Code. He was sentenced to four months in prison, followed by two years of supervised release. He was also required to pay a special assessment of $50 and was fined $7,000. On December 19, 1996, we suspended respondent from the practice of law in Ohio for an interim period. *In re Seall* (1996), 77 Ohio St.3d 1497, 673 N.E.2d 596.

{¶ 2} Respondent answered, admitting that he violated DR 1-102(A)(4), and the parties filed an agreed stipulation of facts. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter and received evidence in mitigation. Five character witnesses attested to respondent's trustworthiness and ability. The panel also received nine letters from executives, educators, and attorneys indicating their trust and

confidence in respondent. In addition, an Assistant United States Attorney stated that he had no objection to respondent being reinstated to the practice of law and that respondent had cooperated one hundred percent with the government's investigation. The panel also received evidence of respondent's deep involvement in community activities and three letters from physicians concerning respondent's serious but controllable medical problems. The panel concluded that respondent had violated DR 1-102(A)(4), and recommended that he be suspended from the practice of law for one year with credit for time served during the interim suspension. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Patrick W. Allen,* for relator.
*Charles W. Kettlewell*, for respondent.

_____

***Per Curiam.***

{¶ 3} Upon review of the record in this case, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for one year with full credit for time served under our interim suspension of December 19, 1996. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____