[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 396.]

OFFICE OF DISCIPLINARY COUNSEL *v.* PETROFF.

[Cite as *Disciplinary Counsel v. Petroff*, 1999-Ohio-400.]

*Attorneys at law—Misconduct—One-year suspension with full credit for time served—Conviction of attempting to evade federal income taxes.*

(No. 98-2641—Submitted January 27, 1999—Decided April 28, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-32.

_____

{¶ 1} On September 30, 1997, respondent, Mark Gregory Petroff of Elyria, Ohio, Attorney Registration No. 0019634, pled guilty to a charge of attempting to evade federal income taxes in violation of Section 7201 *et seq*., Title 26, U.S.Code. Respondent was sentenced to four months of home detention, placed on two years of probation, and ordered to pay restitution. On March 19, 1998, we imposed on respondent an interim suspension from the practice of law. *In re Petroff* (1998), 81 Ohio St.3d 1484, 691 N.E.2d 685.

{¶ 2} On June 8, 1998, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's conduct violated several Disciplinary Rules. After respondent answered, the parties entered into a stipulation of facts and a further stipulation that the conduct violated DR 1-102(A)(3) (illegal conduct involving moral turpitude), (4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and (6) (conduct adversely reflecting upon the attorney's ability to practice law). The parties also stipulated that respondent cooperated fully with relator's investigation; that none of his conduct had any impact on his clients and did not arise from the representation of his clients; and that accepting full responsibility, respondent had expressed remorse both in the disciplinary proceeding and before the United States District Court.

**{¶ 3}** A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") considered the matter. The panel found the facts as stipulated and agreed that respondent had violated the three Disciplinary Rules. The panel received testimonial letters regarding respondent's legal ability and professionalism and recommended that respondent be suspended from the practice of law for one year, with full credit given for the time already served under our previous interim suspension of March 19, 1998. The board adopted the findings, conclusions, and recommendation of the panel.

––––––––––––––––––

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Dianna M. Anelli*, Assistant Disciplinary Counsel, for relator.

*Richard S. Koblentz* and *Peter A. Russell,* for respondent.

––––––––––––––––––

*Per Curiam.*

**{¶ 4}** We adopt the findings and conclusions of the board. *Dayton Bar Assn. v. Bart* (1997), 80 Ohio St.3d 538, 687 N.E.2d 681, and *Dayton Bar Assn. v. Seall* (1998), 81 Ohio St.3d 280, 690 N.E.2d 1271, were cases involving facts similar to these. In those cases we imposed a one-year suspension with full credit for time served under the interim suspension. We adopt the board's recommendation that we impose the same sanction in this case. Respondent is hereby suspended from the practice of law for one year with full credit for time served. Cost are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.