Laurence A. Turbow, L.P.A., Inc., and Laurence A. Turbow, for respondent.

DISCIPLINARY COUNSEL *v.* LODICO.

[Cite as *Disciplinary Counsel v. LoDico,*
118 Ohio St.3d 316, 2008-Ohio-2465.]

(No. 2007–2378—Submitted February 27, 2008—Decided May 29, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Steven L. LoDico of Canton, Ohio, Attorney Registration No. 0041715, was admitted to the Ohio bar in 1989. On September 21, 2005, we suspended respondent from the practice of law for 18 months, with six months stayed on conditions, based on findings that he had engaged in unprofessional, undignified, and discourteous conduct in separate incidents before two common pleas court judges. *Disciplinary Counsel v. LoDico,* 106 Ohio St.3d 229, 2005-Ohio-4630, 833 N.E.2d 1235. On February 23, 2006, respondent was suspended from the practice of law pursuant to Gov.Bar R. V(5)(A)(4) upon notice that he had been convicted of a felony. *In re LoDico,* 108 Ohio St.3d 1477, 2006-Ohio-788, 842 N.E.2d 1056.

{¶ 2} On March 28, 2006, relator, Disciplinary Counsel, filed a complaint charging respondent with violations of the Code of Professional Responsibility stemming from his felony conviction. Respondent stipulated to the violations of the Disciplinary Rules. A panel of the Board of Commissioners on Grievances and Discipline held a hearing and, based on the stipulations and other evidence, made findings of fact, conclusions of law, and a recommendation, which the board adopted.

{¶ 3} The board recommends that we indefinitely suspend respondent from the practice of law, with no credit for the interim felony suspension. We adopt the board's findings of misconduct and recommended sanction.

## Stipulated Facts

{¶ 4} On January 9, 2005, respondent was involved in an incident at a Canton, Ohio strip bar. Respondent went to the bar with his girlfriend and two other women. He had been drinking before arriving there. As he was leaving the bar, respondent became involved in a physical altercation with six people in the parking lot. At one point, he pointed a .45–caliber Glock pistol with a laser sight at all six people, one at a time.

{¶ 5} Respondent was indicted on six counts of felonious assault with a firearm specification, each a second-degree felony, and one count of carrying a concealed weapon, a fourth-degree felony. Following a bench trial, respondent was found guilty of carrying a concealed weapon and six misdemeanor counts of aggravated menacing. The trial court sentenced respondent to community control, including 180 days in the Stark County jail and five years' supervision with conditions, and a $5,000 fine.

## Stipulated Misconduct

{¶ 6} Respondent admitted, and the board found, that respondent had violated DR 1–102(A)(3) (prohibiting illegal conduct involving moral turpitude) and 1–102(A)(6) (prohibiting conduct adversely reflecting on the lawyer's fitness to practice law).

## Recommended Sanction

{¶ 7} In recommending a sanction, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 8} As aggravating factors, the board noted respondent's prior disciplinary offenses, BCGD Proc.Reg. 10(B)(1)(a), and his refusal to acknowledge the wrongful nature of his conduct, BCGD Proc.Reg. 10(B)(1)(g). In mitigation, the board found that respondent did not act with a selfish or dishonest motive. BCGD Proc.Reg. 10(B)(2)(b). The board also noted respondent's cooperative attitude in the disciplinary proceedings, his character or reputation, and the imposition of criminal sanctions. BCGD Proc.Reg. 10(B)(2)(d), (e), and (f).

{¶ 9} The parties stipulated that respondent should be indefinitely suspended from the practice of law and that reinstatement be conditioned upon respondent's compliance with our order in his prior disciplinary case. Respondent also requested that any suspension be retroactive to September 21, 2006, noting that

he has not practiced law since he was suspended by this court on September 21, 2005.

{¶ 10} The board recommended that respondent be indefinitely suspended without credit for time served under his interim felony suspension, and with reinstatement conditioned upon his compliance with this court's order in his prior disciplinary case, his Ohio Lawyers Assistance Program ("OLAP") contract, and the terms of his community-control sanctions.

### Review

{¶ 11} Respondent does not challenge the board's findings of misconduct or the recommended sanction. We have reviewed the board's record and its report, and we agree that respondent violated DR 1–102(A)(3) and 1–102(A)(6).

{¶ 12} We also agree that the board's recommended sanction is appropriate. Accordingly, respondent is indefinitely suspended from the practice of law, with no time credited for his interim felony suspension. We further condition respondent's reinstatement on his complete compliance with our prior disciplinary order, his OLAP contract, and the terms of his community-control sanctions. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

A. James Tsangeos, for respondent.