DISCIPLINARY COUNSEL *v.* CANTRELL.

[Cite as *Disciplinary Counsel v. Cantrell*,

125 Ohio St.3d 458, 2010-Ohio-2114.]

*Attorneys — Misconduct — Multiple violations of the Disciplinary Rules and the*

*Rules of Professional Conduct — Indefinite license suspension.*

(No. 2009-2339 — Submitted February 24, 2010 — Decided May 20, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 09-021.

_____

**Per Curiam**.

{¶ 1} Respondent, Doreen Cantrell, Attorney Registration No. 0040032, of Willoughby, Ohio, was admitted to the practice of law in Ohio in 1988. In August 2009, relator, Disciplinary Counsel, filed a nine-count amended complaint alleging multiple violations of the Disciplinary Rules of the Code of Professional Responsibility, the Rules of Professional Conduct, and the Supreme Court Rules for the Government of the Bar.[1] Respondent participated in the disciplinary investigation and stipulated to certain facts and misconduct but failed to appear at the panel hearing.

{¶ 2} The Board of Commissioners on Grievances and Discipline now recommends that we indefinitely suspend respondent's license to practice based upon findings that she engaged in a pattern of misconduct involving the improper use of her client trust account, the misappropriation of client funds, and the

_____

1. On December 14, 2009, this court imposed an interim felony suspension against respondent pursuant to Gov.Bar R. V(5)(A)(4) for criminal convictions unrelated to the conduct at issue in this disciplinary proceeding. *In re Cantrell*, 123 Ohio St.3d 1517, 2009-Ohio-6503, 918 N.E.2d 162.

knowing practice of law while her license was inactive. We accept the board's findings of misconduct and agree that an indefinite suspension of respondent's license is appropriate.

**Misconduct**

*Improper Use of Client Trust Account*

{¶ 3} Counts One, Two, Six, and Seven relate to respondent's use of her Interest on Lawyers' Trust Accounts account ("trust account") for personal expenses. The parties stipulated and the board found with respect to Count Two that respondent continued to maintain a trust account from November 16, 2007, until May 15, 2008, while her license was inactive. Respondent routinely deposited personal funds in it and used the account to pay her personal expenses and those of her son and brother, who were not her clients.

{¶ 4} With regard to Count Six, respondent stipulated that in August 2008, she borrowed $18,000 from a friend to cover her litigation costs in the event her ex-husband sought custody of her son. She deposited the money into her trust account and used it to pay personal expenses, including personal court costs, car repairs, school clothes for her son, computer supplies, veterinary bills, groceries, utilities, and bank service charges.

{¶ 5} Count Seven involves respondent's inconsistent statements regarding the beneficiary of certain checks issued from her trust account. On November 24, 2008, respondent sent a letter to relator stating that she had issued the checks for the benefit of her brother. At her deposition, however, she testified that she had made those expenditures for herself and her son.

{¶ 6} The parties also stipulated that from April 15, 2008, to December 2, 2008, respondent failed to maintain sufficient funds in her trust account, causing the account to be overdrawn 38 times, as charged in Count One of the complaint.

2

**{¶ 7}** The parties stipulated and the board found that respondent's conduct with respect to these counts constitutes four violations of both Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients separate from the lawyer's own property) and 8.4(h) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law). The board also found that respondent's conflicting statements regarding the beneficiary of certain checks issued from her trust account violated Prof.Cond.R. 8.1(a) (prohibiting knowingly making a false statement of material fact in connection with a disciplinary matter).

**{¶ 8}** However, both the panel and the board found that relator had failed to demonstrate by clear and convincing evidence that respondent had made false statements regarding her alleged repayment of the $18,000 personal loan or that she had failed to cooperate in the disciplinary investigation regarding her misuse of her trust account. Therefore, they recommend that we dismiss the violation of Prof.Cond.R. 8.1(a) alleged in Count Six and the violations of Gov.Bar R. V(4)(G) alleged in Counts Six and Seven of relator's complaint.

*Representation of a Decedent's Estate*

**{¶ 9}** Counts Three, Four, Five, and Eight of relator's complaint involve respondent's conduct during the administration of a decedent's estate. Respondent accepted a $1,000 retainer and agreed to represent the estate on April 15, 2008, while her license to practice law was inactive. She admitted that she had filed the initial probate documents before restoring her license to practice law to active status, as charged in Count Three of relator's complaint.

**{¶ 10}** Counts Four and Five involve events in October 2008, when respondent withdrew the entire balance of her trust account because she had lost her checkbook. The bank paid two outstanding checks that respondent had failed to record, overdrawing the account. Respondent then deposited a $3,439 check from the estate, which she testified represented fees for work she had performed. But respondent did not file an application for approval of the estate's attorney fees

with the probate court until December 15, 2008 (Count Four). And when respondent failed to appear for numerous hearings on her application for fees and amendments thereto, her request was denied. Thus, respondent was not entitled to receive the $3,439 that she deposited into her trust account and used to pay her personal expenses. See R.C. 2113.36.

{¶ 11} In April 2009, a beneficiary of the estate filed a complaint for concealment against respondent and the executor of the estate, alleging that she had received only $25,000 of the $50,000 distribution stated in the final accounting of the estate.

{¶ 12} Respondent stipulated that on December 12, 2008, she deposited $50,000 from the estate into her trust account, which then contained no other client funds, as charged in Count Eight of the complaint. She distributed $25,000 to one beneficiary and was to hold the remaining $25,000 in trust while she attempted to negotiate a settlement with her. From December 2008 to the end of March 2009, respondent wrote a series of checks to cash and made cash withdrawals depleting all but $265 of the $25,000 that she had held in trust for the estate. On August 10, 2009, the probate court issued a judgment entry finding respondent guilty of concealing assets and awarded the beneficiary a $25,000 judgment plus a ten percent penalty.

{¶ 13} Based upon the foregoing, the parties stipulated and the board found that by representing the estate while her license was inactive (Count Three), respondent violated Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction) and Gov.Bar R. VI(2)(A) (prohibiting a lawyer from practicing law while registered as an attorney on inactive status).

{¶ 14} By receiving attorney fees not approved by the probate court (Count Four), the board found that respondent had violated Prof.Cond.R. 1.15(a) and 8.4(h). The board also found that respondent had violated Prof.Cond.R. 1.3

(requiring an attorney to act with reasonable diligence and promptness in representing a client), 1.5(a) (prohibiting an attorney from charging or collecting an illegal or clearly excessive fee), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). However, neither the panel nor the board found clear and convincing evidence that respondent's conduct with respect to the $3,439 payment of alleged attorney fees violated Prof.Cond.R. 3.3(a)(1) (prohibiting knowingly make a false statement of fact or law to a tribunal) or 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation). Therefore, the panel and the board recommend that we dismiss those alleged violations with respect to Count Four.

{¶ 15} The parties stipulated and the board found that respondent's conduct with respect to Count Five violated Prof.Cond.R. 1.15(a) and 8.4(h). And with respect to Count Eight, the board accepted the parties' stipulation that respondent violated Prof.Cond.R. 1.15(a), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), and 8.4(h). Additionally, the board found that respondent's conduct violated Prof.Cond.R. 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(d).

*Guardianship of a Minor*

{¶ 16} Count Nine involves respondent's November 18, 2002 application to be appointed guardian of the estate of a minor. On November 19, 2002, the probate court conditionally granted the application upon her posting a $10,000 bond. On November 20, 2002, without having posted the required bond, respondent signed a warranty deed as the guardian for the minor, conveying real property, held in the minor's name, to his mother. Two days after executing the deed, respondent moved the court to waive bond. The court denied the motion, and respondent never posted the required bond.

**{¶ 17}** The parties stipulated that respondent's conduct violated DR 1-102(A)(6)[2] (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law). The board agreed and also found that respondent's conduct violated DR 1-102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (prohibiting conduct prejudicial to the administration of justice), 7-101(A)(1) (prohibiting a lawyer from intentionally failing to seek the lawful objectives of the lawyer's client), and 7-102(A)(5) (prohibiting a lawyer from knowingly making a false statement of law or fact). However, neither the panel nor the board found clear and convincing evidence to demonstrate that respondent's conduct violated DR 7-101(A)(3) (prohibiting intentional prejudice or damage to a client during the course of the professional relationship).

**{¶ 18}** We accept the board's findings and recommendations with respect to each of these nine counts.

### Sanction

**{¶ 19}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. We are ever mindful that the primary purpose of the disciplinary process is not to punish the offender but to protect the public from

---

2. The Disciplinary Rules of the Code of Professional Responsibility address attorney misconduct occurring before February 1, 2007, the effective date of the superseding Ohio Rules of Professional Conduct.

lawyers who are unworthy of the trust and confidence essential to the attorney-client relationship. *Disciplinary Counsel v. Agopian*, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, ¶ 10.

{¶ 20} As for aggravating factors, the parties stipulated and the board found that respondent had engaged in a pattern of misconduct involving multiple offenses. BCGD Proc.Reg. 10(B)(1)(c) and (d). The board found the absence of a prior disciplinary record to be a mitigating factor. BCGD Proc.Reg. 10(B)(2)(a). Relator recommended that respondent be indefinitely suspended from the practice of law, and both the panel and board agreed.

{¶ 21} In *Disciplinary Counsel v. Wise*, 108 Ohio St.3d 381, 2006-Ohio-1194, 843 N.E.2d 1198, ¶ 16-17, we imposed an indefinite suspension for an attorney who had misused his trust account, failed to maintain or produce adequate records documenting account deposits and withdrawals, and had multiple overdrafts.

{¶ 22} Similarly, in *Disciplinary Counsel v. McCauley*, 114 Ohio St.3d 461, 2007-Ohio-4259, 873 N.E.2d 269, ¶ 1, we imposed an indefinite suspension for an attorney who had repeatedly withdrawn funds from his client trust account and had improperly used the money for his personal and business expenses. Although we noted that disbarment is the presumptive sanction for an attorney who misappropriates client funds, we found that significant mitigating circumstances, including the absence of a prior disciplinary record, cooperation in the disciplinary proceedings, remorse, and restitution weighed in favor of an indefinite suspension. Id. at ¶ 22-23. BCGD Proc.Reg. 10(B)(2)(a), (c), and (d).

{¶ 23} Likewise, in *Disciplinary Counsel v. Koury* (1990), 50 Ohio St.3d 150, 151, 552 N.E.2d 941, we imposed an indefinite suspension for an attorney who, while serving as the executor of a former client's estate, entered the decedent's home with the assistance of a locksmith and stole approximately $27,000 and a ring.

**{¶ 24}** In contrast, in *Disciplinary Counsel v. Hunter*, 106 Ohio St.3d 418, 2005-Ohio-5411, 835 N.E.2d 707, ¶ 36, 40, we disbarred an attorney who had misappropriated nearly $300,000 from an incompetent ward and had engaged in conduct that was misleading and designed to hide her embezzlement.

**{¶ 25}** Here, we accord weight to the board's recommendation of the lesser sanction of indefinite suspension based upon the mitigating evidence that respondent has been licensed to practice for approximately 22 years without any previous ethical violation. Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

_____