DISCIPLINARY COUNSEL *v.* O'MALLEY.

[Cite as *Disciplinary Counsel v. O'Malley*,

**126 Ohio St.3d 443, 2010-Ohio-3802.]**

*Attorneys at law — Misconduct — Conduct adversely reflecting on fitness to practice — Federal felony conviction — Two-year suspension.*

(No. 2009-1444 — Submitted March 31, 2010 — Decided August 24, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-001.

_____

**Per Curiam**.

{¶ 1} Respondent, Patrick Joseph O'Malley of Chagrin Falls, Ohio, Attorney Registration No. 0058659, was admitted to the practice of law in Ohio in 1992. On December 4, 2008, following his conviction and sentencing on a single count of transportation and importation of obscene matters, we imposed an interim felony suspension of respondent's license pursuant to Gov.Bar R. V(5)(A)(4). *In re O'Malley*, 120 Ohio St.3d 1426, 2008-Ohio-6274, 897 N.E.2d 658. Thereafter, relator, Disciplinary Counsel, filed a complaint charging respondent with a single violation of DR 1-102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law). In September 2009, we rejected the report of the Board of Commissioners on Grievances and Discipline recommending that we adopt the parties' consent-to-discipline agreement and impose a 12-month suspension, with credit for the interim felony suspension. 122 Ohio St.3d 1525, 2009-Ohio-4866, 913 N.E.2d 460. Based upon his conduct in downloading obscene photographs and stories from the Internet to personal computers in his home, the Board of Commissioners on Grievances and

Discipline again recommends that we suspend respondent from practice for 12 months and credit him for time served under the interim suspension of his license.

{¶ 2} We accept the board's factual findings and its conclusion that respondent's conduct violated the ethical standards incumbent upon Ohio lawyers. We conclude, however, that the appropriate sanction for respondent's misconduct is a two-year suspension from the practice of law in Ohio, with credit for time served under the interim suspension; however, respondent may not apply for reinstatement until he has completed his term of federal supervised release.

**Misconduct**

{¶ 3} Respondent became the recorder of Cuyahoga County in 1997 and retained the office through elections in 1998, 2000, and 2004. After winning the primary race for the recorder's office in 2008, he agreed to plead guilty to a single count of transportation and importation of obscene matters, which alleged that he did "knowingly use an interactive computer service for the carriage in interstate and foreign commerce of numerous obscene, lewd, lascivious, and filthy pictures, writings and other matters of indecent character," in violation of Section 1462(a), Title 18, U.S.Code. The information, filed in the United States District Court for the Northern District of Ohio, Eastern Division, two days after respondent executed the plea agreement, alleged that the conduct giving rise to the charge occurred from February 18, 1998, through November 16, 2004.

{¶ 4} On October 3, 2008, respondent was sentenced to 15 months in prison and three years of supervised release. He also resigned his elected office. The parties have stipulated to respondent's conviction and sentence and have agreed that his conduct violated DR 1-102(A)(6). They have further stipulated that the appropriate sanction for this misconduct is a 12-month suspension from the practice of law with credit for the time served under the interim felony suspension.

{¶ 5} After we rejected the parties' consent-to-discipline agreement proposing the same sanction, a panel of the board conducted a hearing and heard testimony from respondent and one character witness. The panel also considered the parties' stipulated exhibits, including the information, plea agreement, and judgment in respondent's criminal case, as well as 21 letters attesting to respondent's good character.

{¶ 6} In addition to accepting the parties' stipulations, the board found that the obscene materials that were the subject of respondent's criminal conviction were stored at his home on personal computers that he owned. Respondent testified that the obscene materials were erotic photographs of adults and erotic stories that he and his wife had viewed in the privacy of their home. He claimed that his former wife broke into his home, seized the computers, and turned them over to the FBI to gain an advantage over him in their then pending divorce and child-custody litigation.

{¶ 7} Based upon the agreed stipulations and the testimony presented at the hearing, the panel and board found by clear and convincing evidence that respondent had violated DR 1-102(A)(6). We accept the board's findings of fact and misconduct.

### Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. We are mindful that the

disciplinary process is designed not only to protect clients and the public from attorneys who are unworthy of the trust and confidence essential to the attorney-client relationship but also to ensure the administration of justice and to maintain the integrity of the legal profession as a whole. *Disciplinary Counsel v. Hunter*, 106 Ohio St.3d 418, 2005-Ohio-5411, 835 N.E.2d 707, ¶ 32.

{¶ 9} Respondent has entered a guilty plea and been convicted of knowingly using an interactive computer service to transport obscene materials in interstate or foreign commerce in direct contravention of a federal statute that carries a maximum sentence of five years in prison, a fine of up to $250,000, and three years of supervised release. Section 1462(a), Title 18, U.S.Code.

{¶ 10} No aggravating factors are present. In mitigation, the panel and board found that respondent has no prior disciplinary record, has fully cooperated with and made free disclosure in the disciplinary proceedings, has had other penalties or sanctions imposed upon him, and has not damaged any client with his misconduct. BCGD Proc.Reg. 10(B)(2)(a), (d), and (f). Respondent produced convincing evidence of his good character and reputation, including letters from more than 20 persons, including friends, employees, spiritual leaders, mental-health professionals, representatives of community organizations, and others who know him. BCGD Proc.Reg. 10(B)(2)(e). He has expressed genuine remorse for the harm he caused to his family and to the legal profession and has accepted responsibility for the consequences of his actions, which include bankruptcy, the loss of his job, and the loss of his license to practice law. The panel and board also noted that during his confinement, respondent read 146 books in an effort to prepare for his life after prison. Based upon these facts, both the panel and the board expressed their confidence that respondent has been rehabilitated.

{¶ 11} In support of its recommended sanction of a 12-month suspension with credit for time served under the interim felony suspension, the board cites five cases in which we imposed one-year suspensions from the practice of law.

Although each of those cases involved a respondent convicted of a single federal offense, the offenses were all of a financial rather than a sexual nature, and the longest prison term imposed in those cases was four months. See *Dayton Bar Assn. v. Bart* (1997), 80 Ohio St.3d 538, 687 N.E.2d 681 (conviction for conspiracy to commit tax fraud resulting in a fine of $10,000 and three years of probation); *Disciplinary Counsel v. Petroff* (1999), 85 Ohio St.3d 396, 709 N.E.2d 111 (conviction for attempting to evade federal income taxes resulting in a sentence of four months' home detention, two years' probation, and an order to pay restitution); *Disciplinary Counsel v. Miller* (1997), 79 Ohio St.3d 115, 679 N.E.2d 1098 (conviction for  aiding and abetting the filing of a false tax return resulting in a sentence of two years of probation, 400 hours of community service, and a donation of $3,000 to a community-service project); *Disciplinary Counsel v. Lash* (1993), 68 Ohio St.3d 12, 623 N.E.2d 28 (conviction for bank fraud resulting in a sentence of one year's probation, 100 hours of community service, and a $1,000 fine); *Dayton Bar Assn. v. Seall* (1998), 81 Ohio St.3d 280, 690 N.E.2d 1271 (conviction for conspiracy to commit tax fraud resulting in a four-month prison term followed by two years of supervised release).

{¶ 12} At the other end of the spectrum, in *Disciplinary Counsel v. Ridenbaugh*, 122 Ohio St.3d 583, 2009-Ohio-4091, 913 N.E.2d 443, we indefinitely suspended an attorney's license to practice law with credit for time served under an interim felony suspension for misconduct involving acts of voyeurism and use of child pornography. Similarly, we imposed an indefinite suspension in *Columbus Bar Assn. v. Linnen*, 111 Ohio St.3d 507, 2006-Ohio-5480, 857 N.E.2d 539, for an attorney who indecently exposed himself to at least 30 different women while photographing their reactions.

{¶ 13} At first glance, the misconduct at issue in *Ridenbaugh* and *Linnen* appears to be far more serious than respondent's importation of obscenity depicting consenting adults. We note, however, that *Ridenbaugh* received a

criminal sentence of 48 months in prison but served only 56 days before receiving judicial release and commencing a five-year term of community control. Linnen received a criminal sentence of 18 months of work release followed by five years of probation and was fined $3,000. But due to the closure of the work-release facility, he served only 12 months of his sentence before being released on probation. Respondent, in contrast, received and served a criminal sentence of 15 months in federal prison after pleading guilty to the transportation and importation of obscene matters over the Internet.

{¶ 14} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we conclude that the recommended sanction fails to adequately address the seriousness of respondent's conduct. Moreover, permitting respondent to serve as an officer of this court while he remains on supervised release for violating the very laws he has been sworn to uphold would undermine the public's perception of and confidence in our justice system. Therefore, due to the severity of respondent's crime as measured by the duration of his prison term and subsequent supervised release, and in light of the mitigating factors cited by the board, the appropriate sanction for his misconduct falls between the one-year suspensions of *Bart*, *Petroff*, et al., and the indefinite suspensions of *Ridenbaugh* and *Linnen.*

{¶ 15} Accordingly, Patrick Joseph O'Malley is suspended from the practice of law in Ohio for two years, with credit for the interim felony suspension commencing on December 4, 2008. However, as a condition to reinstatement, respondent must first complete his federal supervised release. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent.

BROWN, C.J., not participating.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 16} I disagree with the sanction imposed by the majority opinion. I would accept the board's recommendation that we suspend respondent from the practice of law for 12 months and credit him with time served under the interim suspension. Therefore, I respectfully dissent.

LANZINGER, J., concurs in the foregoing opinion.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

Koblentz & Koblentz, L.L.C., Richard S. Koblentz, and Bryan L. Penvose, for respondent.

_____