DISCIPLINARY COUNSEL *v.* CANTRELL.

[Cite as *Disciplinary Counsel v. Cantrell,* 130 Ohio St.3d 46, 2011-Ohio-4554.]

*Attorneys—Misconduct—Felony grand theft—Possession of cocaine—Indefinite suspension, to be served consecutively to indefinite suspension previously imposed.*

(No. 2011-0281—Submitted May 24, 2011—Decided September 14, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-093.

_____

**Per Curiam**.

{¶ 1} This court admitted respondent, Doreen M. Cantrell of Willoughby, Ohio, Attorney Registration No. 0040032, to the practice of law in Ohio in 1988. The Board of Commissioners on Grievances and Discipline concluded that respondent engaged in professional misconduct and recommends that she be permanently disbarred from the practice of law, with costs of these proceedings taxed to her.

{¶ 2} We agree that respondent committed professional misconduct as found by the board; however, we reject the board's recommended sanction and conclude that an indefinite suspension is the appropriate sanction in this case. Accordingly, we indefinitely suspend respondent from the practice of law, a sanction which is to be served consecutively to the indefinite suspension we imposed on respondent on May 20, 2010.

**Procedural History**

{¶ 3} On September 23, 2009, respondent pleaded guilty to two counts of felony grand theft and one count of possession of cocaine. On December 14, 2009, we imposed an interim felony suspension of respondent's license pursuant

to Gov.Bar R. V(5)(A)(4), pending further disciplinary proceedings. *In re Cantrell*, 123 Ohio St.3d 1517, 2009-Ohio-6503, 918 N.E.2d 162.

{¶ 4} On December 7, 2009, relator, Disciplinary Counsel, filed a two-count complaint against respondent arising from the 2009 convictions, count one relating to grand theft, and count two relating to possession of cocaine. Disciplinary Counsel alleged that respondent's actions violated Prof.Cond.R. 8.4(b) (a lawyer shall not commit an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and (h) (a lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 5} The parties thereafter stipulated that respondent's actions violated Prof.Cond.R. 8.4(b) and (h). They further stipulated to the following mitigating factors: (1) that respondent provided full and free disclosure during the investigation, (2) that she displayed a cooperative attitude, and (3) that other penalties or sanctions had been imposed. They also stipulated to certain aggravating factors, agreeing that respondent (1) exhibited a dishonest and selfish motive, (2) engaged in multiple criminal offenses, and (3) had a prior disciplinary record, including the interim felony suspension imposed in this case and an indefinite suspension imposed by this court on May 20, 2010, in a separate case, *Disciplinary Counsel v. Cantrell*, 125 Ohio St.3d 458, 2010-Ohio-2114, 928 N.E.2d 1100.

{¶ 6} The panel then conducted a hearing, but respondent neither appeared nor submitted additional mitigating evidence. The panel therefore accepted the parties' stipulations regarding the findings of fact and conclusions of law and recommended permanent disbarment. The board adopted the panel's findings, conclusions, and recommended sanction and further recommends that the cost of the proceedings be taxed to respondent.

{¶ 7} Respondent objects to the board's recommendation, arguing that her conduct warrants an indefinite suspension rather than permanent disbarment. In

support of the lesser sanction, respondent argues that she had made a timely and good-faith effort to make restitution, that her dual diagnosis of chemical dependency and mental illness contributed to the cause of her misconduct, and that she is being successfully treated so as to enable her to return to competent, ethical professional practice under specified conditions. Respondent has also attached additional mitigating evidence to her objections, including medical, psychological, and testimonial reports and letters.

{¶ 8} Relator filed an answer to the objections, arguing that respondent should not be permitted to supplement the record absent exceptional circumstances and urging that the documents do not meet the requirements for mitigation evidence. Relator further maintains that based on the evidence properly before the court, permanent disbarment is the appropriate sanction.

### Misconduct

*Count One*

{¶ 9} On February 23, 2009, a grand jury indicted respondent on one count of tampering with records, two counts of grand theft, and two counts of falsification related to her illegally obtaining Section 8 housing. Respondent pleaded guilty to two counts of grand theft, each a felony of the fourth degree. She was sentenced to 120 days in jail with credit for 65 days served, followed by three years of community control. The court imposed further sanctions and conditions, including a requirement that respondent complete the NorthEast Ohio Community Alternative Program ("NEOCAP"). Upon her release from the program, respondent was to attend Alcoholics Anonymous meetings four times per week, follow all NEOCAP aftercare recommendations, continue mental-health counseling, and complete 200 hours of community service.

*Count Two*

{¶ 10} On July 13, 2009, respondent was indicted on one count of possession of cocaine, one count of trafficking in cocaine, and one count of

complicity to traffic in cocaine. She pleaded guilty to one count of possession of cocaine, a felony of the fifth degree, and was sentenced to 120 days with credit for 65 days served, with the same sanctions and conditions that were imposed in the grand-theft case.

**{¶ 11}** As noted earlier, respondent has admitted that her conduct violated Prof.Cond.R. 8.4(b) and (h). Clear and convincing evidence supports these findings, and thus, we adopt the findings and conclusions of the board as to these counts.

## Sanction

**{¶ 12}** In *Columbus Bar Assn. v. Linnen,* 111 Ohio St.3d 507, 2006-Ohio-5480, 857 N.E.2d 539, at ¶ 25, we stated, "In determining the appropriate sanction for professional misconduct, we consider the duties violated, the actual or potential injury caused, the lawyer's mental state, the existence of aggravating or mitigating circumstances, and sanctions imposed in similar cases." Further, as we noted in *Disciplinary Counsel v. O'Neill,* 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53, in fashioning a sanction we are mindful that "the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public."

### *Mitigating Factors*

**{¶ 13}** As mitigating factors, the board found that respondent had provided full and free disclosure during the investigation, displayed a cooperative attitude, and received other penalties and sanctions. Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") 10(B)(2)(d) and (f). Relator has so stipulated, and we agree with the board's determination in this respect.

**{¶ 14}** Respondent has also submitted additional medical, psychological, and testimonial evidence to this court in support of mitigation, but failed to

present it at the hearing, and it was not considered by the board. As we held in *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167-168, 672 N.E.2d 633, "the time for the production of evidence is at the formal hearing before a panel appointed by the Secretary of the Board of Commissioners on Grievances and Discipline. * * * Rule V [of the Rules for the Government of the Bar of Ohio] has no provision for the introduction of evidence in the brief filed in this court or in the oral argument to this court. Only in the most exceptional circumstances would we accept additional evidence at that late stage of the proceedings." No such exceptional circumstances are present in this case, and we reject the additional evidence.

*Aggravating Factors*

{¶ 15} As aggravating factors, the board found pursuant to stipulations of the parties that respondent had exhibited a dishonest or selfish motive, engaged in multiple criminal offenses, failed to appear at the board hearing, and has prior disciplinary offenses, including an interim felony suspension relating to the current charges and an indefinite suspension imposed by this court on May 20, 2010, for using a client trust account to pay personal expenses, representing a decedent's estate while her license remained inactive, and receiving attorney fees not approved by the probate court. *Disciplinary Counsel v. Cantrell*, 125 Ohio St.3d 458, 2010-Ohio-2114, 928 N.E.2d 1100.

{¶ 16} We agree that respondent exhibited a dishonest or selfish motive, engaged in multiple criminal offenses, and failed to appear at the board hearing, all of which are aggravating factors. BCGD Proc.Reg. 10(B)(1)(b), (d), and (e). Although we also agree that respondent's May 20, 2010 indefinite suspension qualifies as a prior disciplinary offense and an aggravating factor, BCGD Proc.Reg. 10(B)(1)(a), we disagree with the board that the interim felony suspension relating to the current charges constitutes a prior disciplinary offense. Our precedent indicates that a prior interim felony suspension has not heretofore

been considered as a prior disciplinary offense. See, e.g., *Disciplinary Counsel v. Ulinski*, 106 Ohio St.3d 53, 2005-Ohio-3673, 831 N.E.2d 425, ¶ 1 and 14 (acknowledging an interim felony suspension but determining that no prior disciplinary offenses had occurred); *Disciplinary Counsel v. O'Malley*, 126 Ohio St.3d 443, 2010-Ohio-3802, 935 N.E.2d 5, ¶ 1 and 10 (same); *Disciplinary Counsel v. Gittinger*, 125 Ohio St.3d 467, 2010-Ohio-1830, 929 N.E.2d 410, ¶ 1 and 41 (same); *Disciplinary Counsel v. Andrews*, 124 Ohio St.3d 523, 2010-Ohio-931, 924 N.E.2d 829, ¶ 1 and 18 (same); *Disciplinary Counsel v. Butler*, 128 Ohio St.3d 319, 2011-Ohio-236, 943 N.E.2d 1025, ¶ 1 and 3 (same).

{¶ 17} Accordingly, the determination by the board to the contrary justifies our modification of its recommended sanction from permanent disbarment to indefinite suspension. Our decision is in accord with others in which we have imposed indefinite suspensions. See, e.g., *Disciplinary Counsel v. LoDico*, 118 Ohio St.3d 316, 2008-Ohio-2465, 888 N.E.2d 1097 (imposing an indefinite suspension rather than disbarment for felony and misdemeanor convictions even though the attorney had a prior disciplinary record); *Greene Cty. Bar Assn. v. Saunders*, 127 Ohio St.3d 241, 2010-Ohio-5708, 938 N.E.2d 352 (imposing indefinite suspension for additional disciplinary infractions when attorney had prior felony conviction).

{¶ 18} Thus, having reviewed the record, considered the aggravating and mitigating factors, and reviewed the sanctions imposed for comparable conduct, we adopt the board's findings of fact and conclusions of law, but reject its recommendation that respondent be permanently disbarred. Instead, we hereby indefinitely suspend respondent from the practice of law, which suspension shall be served consecutively to the indefinite suspension we imposed on May 20, 2010. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

Doreen Marie Cantrell, pro se.

_____