[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Robinson*, Slip Opinion No. 2024-Ohio-1657.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1657

LORAIN COUNTY BAR ASSOCIATION *v*. ROBINSON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Robinson*, Slip Opinion No. 2024-Ohio-1657.]**

*Attorneys—Misconduct—Attorney violated Rules of Professional Conduct by abusing illicit drugs for extended period culminating in felony conviction for maintaining drug premises and by failing to self-report felony conviction—Indefinite suspension with credit for time served under interim felony suspension.*

(No. 2024-0169—Submitted March 12, 2024—Decided May 2, 2024.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2023-005.

_____

**Per Curiam.**

**{¶ 1}** Respondent, James Terry Robinson, of Elyria, Ohio, Attorney Registration No. 0068785, was admitted to the practice of law in Ohio in 1997.

**{¶ 2}** On January 29, 2009, this court indefinitely suspended Robinson in a default disciplinary proceeding for neglecting several bankruptcy matters, misrepresenting the status of those cases, and intentionally causing prejudice to his clients. *Lorain Cty. Bar Assn. v. Robinson*, 121 Ohio St.3d 24, 2009-Ohio-262, 901 N.E.2d 783. In January 2023, we imposed a second suspension on Robinson—an interim felony suspension—based on his April 2022 conviction for maintaining a drug premises in violation of 21 U.S.C. 856(A)(1). *In re Robinson*, 172 Ohio St.3d 1204, 2023-Ohio-64, 222 N.E.3d 669. Those suspensions remain in effect.

**{¶ 3}** In a March 2023 complaint, relator, Lorain County Bar Association, alleged that Robinson had failed to self-report his felony conviction to attorney-discipline authorities and that his serious substance-abuse issues adversely reflect on his fitness to practice law.

**{¶ 4}** The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors. Robinson did not object to the five exhibits submitted by relator. The matter proceeded to a hearing before a three-member panel of the Board of Professional Conduct. Based on the parties' stipulations and Robinson's testimony, the panel found by clear and convincing evidence that Robinson had committed the charged misconduct, and it recommended that he be indefinitely suspended from the practice of law with credit for the time served under his interim felony suspension imposed on January 13, 2023. In addition, the panel recommended that certain conditions related to Robinson's substance-abuse recovery be placed on his reinstatement to the profession.

**{¶ 5}** The board adopted the panel's report and recommendation. The parties filed a joint waiver of objections to the board's findings and recommendations and jointly recommended that the court adopt the board's report. *See* Gov.Bar R. V(17)(B)(3). For the reasons that follow, we adopt the board's findings of misconduct and recommended sanction.

**MISCONDUCT**

**{¶ 6}** In December 2022, Robinson informed relator of his intent to seek reinstatement from his 2009 indefinite suspension, and he provided relator with a draft of the petition for reinstatement he intended to file with this court. In that document, Robinson disclosed for the first time that he had been convicted of a felony drug offense in April 2022. He also included statements and documents that were meant to demonstrate his good behavior following his conviction—namely, that he had stopped using drugs, completed inpatient and outpatient substance-abuse treatment programs, and complied with the terms of his criminal probation.

**{¶ 7}** In 2020, a federal grand jury in the United States District Court for the Northern District of Ohio indicted Robinson in case No. 1:20CR355-006 in connection with a conspiracy to possess and distribute crack cocaine between January 2018 and July 2020. Robinson faced an additional charge related to his drug use in case No. 21CR819-001. Robinson's November 2021 plea agreement demonstrates that between January 2018 and July 2020, he ordered crack cocaine, a Schedule I controlled substance, from a person who made weekly deliveries to his Elyria home and that he maintained between 22.4 and 28 grams of crack cocaine for use at the premises.

**{¶ 8}** Robinson pleaded guilty in case No. 1:21CR819-001 to a single count of maintaining a drug premises in violation of 21 U.S.C. 856(a)(1), and the indictment against him in case No. 1:20CR355-006 was dismissed. On April 27, 2022, the district court sentenced Robinson to a three-year term of probation, which is scheduled to end on April 26, 2025, and ordered him to pay a special assessment of $100.

**{¶ 9}** Robinson's testimony before the panel in this disciplinary case demonstrates that his conviction followed an extensive investigation into a group of people who were manufacturing and distributing drugs, specifically crack cocaine. During that investigation, a search warrant was executed on Robinson's

home. In this disciplinary proceeding, Robinson admitted that he purchased and used crack cocaine for about eight years prior to the execution of that search warrant and that from January 2018 through July 2020, he received weekly deliveries of the drug. He claimed, however, that he did not use the drug every day and that no drugs were found during the search of his home.

{¶ 10} At his disciplinary hearing, Robinson testified that after having experienced a "raid" on his home by federal-law-enforcement officers that disrupted his wife and family, he stopped using crack cocaine. As part of his criminal probation, he completed inpatient and outpatient substance-abuse treatment programs and submitted to numerous drug tests, all of which were clean. Robinson testified that he continues to participate in two Narcotics Anonymous groups and that he attends an additional support-group meeting conducted by the Ohio Lawyers Assistance Program ("OLAP"). He entered into a two-year OLAP contract on February 19, 2023, and at the time of his disciplinary hearing, he was in full compliance with that contract.

{¶ 11} The parties stipulated and the board found by clear and convincing evidence that Robinson violated Prof.Cond.R. 8.3(a) (requiring a lawyer to self-report ethical violations that raise a question about the lawyer's honesty, trustworthiness, or fitness as a lawyer). The parties further stipulated and the board found that Robinson failed to report his felony conviction within ten days of the judgment's entry.

{¶ 12} Prof.Cond.R. 8.3(a) does not provide a deadline for an attorney to self-report his or her own misconduct. Rather, Gov.Bar R. V(18)(A)(2) imposes a deadline on the judge who enters a judgment of conviction against an attorney to make such a report, stating:

> A certified copy of the entry of conviction of a judicial officer or an attorney of a felony offense shall be transmitted within

4

ten days of the date of the entry by the judge entering the judgment to the director of the Board and to the Office of Disciplinary Counsel or the president, secretary, or chair of the geographically appropriate certified grievance committee.

{¶ 13} Regardless of the judge's deadline under that rule, we agree that under Prof.Cond.R. 8.3(a), Robinson had a duty to self-report his felony conviction and that his failure to do so for nearly eight months after entry of the felony conviction raises a question about his honesty, trustworthiness, or fitness to practice law. *See, e.g.*, *Cleveland Metro. Bar Assn. v. McElroy*, 140 Ohio St.3d 391, 2014-Ohio-3774, 18 N.E.3d 1191, ¶ 7-8, 14 (attorney's failure to report his felony convictions for forgery and tampering with evidence to a disciplinary body violated Prof.Cond.R. 8.3(a)). Even then, Robinson did not inform relator that his criminal conduct raised a question about his honesty, trustworthiness, or fitness to practice law. Instead, he reported his felony conviction as part of a draft petition for reinstatement to the practice of law as a means of demonstrating that he had complied with his criminal sanctions and was fit to resume the practice of law. On these facts, we adopt the board's finding that Robinson's conduct violated Prof.Cond.R. 8.3(a).

{¶ 14} In addition to that finding of misconduct, the parties stipulated and the board found that Robinson violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) by abusing narcotics for at least eight of the 14 years preceding his disciplinary hearing in this case.

{¶ 15} A hearing panel must determine by clear and convincing evidence that a lawyer has committed misconduct before a sanction may be imposed, Gov.Bar R. V(12)(I), and in *Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21, we explained that in order to find a

violation of Prof.Cond.R. 8.4(h), the evidence must demonstrate that either (1) the lawyer engaged in misconduct that adversely reflects on the lawyer's fitness to practice law even if the misconduct is not specifically prohibited by another disciplinary rule or (2) the conduct giving rise to a specific rule violation is so egregious that it warrants an additional finding that it adversely reflects on the lawyer's fitness to practice law.

**{¶ 16}** We find that although not addressed by the board, Robinson's extended period of illicit drug use, which culminated with his felony conviction for maintaining a drug premises, falls within the catchall provision of Prof.Cond.R. 8.4(h). *See, e.g.*, *Disciplinary Counsel v. Landis*, 124 Ohio St.3d 508, 2010-Ohio-927, 924 N.E.2d 361, ¶ 1-2 (attorney's felony conviction for operating motor vehicle while intoxicated adversely reflected on his fitness to practice law, in violation of Prof.Cond.R. 8.4(h)). We therefore adopt the board's finding that the conduct at issue in this case violated Prof.Cond.R. 8.4(h).

## SANCTION

**{¶ 17}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the attorney violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 18}** The parties stipulated that Robinson's prior discipline and multiple offenses are aggravating factors in this case. *See* Gov.Bar R. V(13)(B)(1) and (4). They also stipulated to just one mitigating factor—that Robinson had exhibited a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(4). In addition to those factors, the board found that Robinson had presented evidence of his good character and reputation and had other penalties and sanctions imposed for his misconduct. *See* Gov.Bar R. V(13)(C)(5) and (6). While the board noted that Robinson had not exhibited a dishonest or selfish motive, the board does not appear to have attributed any mitigating effect to that fact.

{¶ 19} Robinson's past substance abuse is obviously and inextricably linked to his misconduct in this case. *See* Gov.Bar R. (V)(13)(C)(7)(b). Although Robinson presented some evidence that he has been diagnosed with a substance-use disorder and has successfully completed an approved treatment program, *see* Gov.Bar R. V(13)(C)(7)(a) and (c), he has not presented a prognosis from a qualified healthcare professional that he will be able to return to the competent, ethical, professional practice of law under specified conditions, *see* Gov.Bar R. V(13)(C)(7)(d). Consequently, Robinson's substance-use disorder does not qualify as a mitigating factor under Gov.Bar R. V(13)(C)(7). Nevertheless, this court generally tempers the sanctions imposed for attorney misconduct in cases involving substance abuse when the respondent has demonstrated a commitment to sobriety. *See, e.g.*, *Disciplinary Counsel v. Gallagher*, 82 Ohio St.3d 51, 53, 693 N.E.2d 1078 (1998).

{¶ 20} In determining the appropriate sanction to recommend for Robinson's misconduct, the board found *Disciplinary Counsel v. Cantrell* ("*Cantrell II*"), 130 Ohio St.3d 46, 2011-Ohio-4554, 955 N.E.2d 950, to be instructive. In December 2009, disciplinary counsel charged Cantrell with professional misconduct related to her conviction on two felony counts of grand theft for illegally obtaining Section 8 housing and a single felony count of possession of cocaine. *Id*. at ¶ 3-4, 9-10.

{¶ 21} While Cantrell's felony-related disciplinary case was pending, we indefinitely suspended her in a separate disciplinary case for engaging in a pattern of misconduct involving the improper use of her client trust account, misappropriating client funds, and knowingly practicing law while her license was inactive. *See Disciplinary Counsel v. Cantrell* ("*Cantrell I*"), 125 Ohio St.3d 458, 2010-Ohio-2114, 928 N.E.2d 1100, ¶ 2, 25.

{¶ 22} Approximately 16 months after we indefinitely suspended Cantrell in *Cantrell I*, we found in the felony-related disciplinary case that Cantrell's

criminal conduct constituted illegal acts that adversely reflected on her honesty or trustworthiness and on her fitness to practice law. *See Cantrell II* at ¶ 4-5, 11. The mitigating factors present in *Cantrell II* included the only mitigating factor that is present in this case. *See id.* at ¶ 13. But in addition to having a prior disciplinary record and committing multiple offenses like Robinson, Cantrell acted with a dishonest or selfish motive and, after stipulating to all but the appropriate sanction for her misconduct, she failed to appear at the disciplinary hearing. *Id.* at ¶ 5-6, 15-16. We rejected the board's recommendation that Cantrell be permanently disbarred and imposed a second indefinite suspension for the conduct underlying her criminal convictions, ordering her to serve the second suspension consecutively to her first indefinite suspension. *Id.* at ¶ 17-18.

{¶ 23} Here, citing similarities between this case and *Cantrell II*, the board concluded that imposing a second indefinite suspension on Robinson would "strike[] the appropriate balance between deterrence and public protection on one hand, and [Robinson's] sincere commitment to his sobriety and betterment on the other hand." The board therefore recommends that Robinson be indefinitely suspended from the practice of law and that he receive credit for the time served under his interim felony suspension imposed on January 13, 2023. Additionally, the board recommends that any future reinstatement to the profession be conditioned on Robinson's continued participation in Narcotics Anonymous and compliance with his February 2023 OLAP contract.

{¶ 24} By his own admission, Robinson used illegal drugs for approximately eight years while he was indefinitely suspended from the practice of law for neglecting the bankruptcy matters of four clients, misrepresenting the status of several of those matters, and intentionally causing harm to several of those clients. In this proceeding, however, he has demonstrated his strong commitment to his addiction recovery and compliance with the terms of his criminal probation. Having thoroughly reviewed the record and our caselaw, we agree that the board's

recommended sanction of an indefinite suspension with credit for the time served under his interim felony suspension and with additional recovery-related conditions on his reinstatement to the practice of law is the appropriate sanction for Robinson's misconduct in this case.

## CONCLUSION

{¶ 25} Accordingly, James Terry Robinson is indefinitely suspended from the practice of law in Ohio with credit for the time served under the interim felony suspension imposed on January 13, 2023. In addition to the requirements of Gov.Bar R. V(25), Robinson's reinstatement to the profession shall be conditioned on proof that he has continued to participate in Narcotics Anonymous and has complied with his February 2023 OLAP contract. Costs are taxed to Robinson.

Judgment accordingly.

DEWINE, DONNELLY, STEWART, and DETERS, JJ., concur.

KENNEDY, C.J., and FISCHER, J., concur in part and dissent in part and would not award credit for the time served under the interim felony suspension.

BRUNNER, J., not participating.

_____

Dooley, Gembala, McLaughlin & Pecora Co., L.P.A., Matthew A. Dooley, and Michael R. Briach, for relator.

James Terry Robinson, pro se.

_____