DISCIPLINARY COUNSEL *v.* BUTLER.

[Cite as *Disciplinary Counsel v. Butler,* 128 Ohio St.3d 319, 2011-Ohio-236.]

*Attorneys — Misconduct — Indefinite license suspension after felony conviction, with no credit for time served under the interim felony suspension.*

(No. 2010-1794 — Submitted January 4, 2011 — Decided January 27, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-004.

_____

**Per Curiam**.

{¶ 1} Respondent, Brian Jeffrey Butler of Fort Wayne, Indiana, Attorney Registration No. 0074086, was admitted to the practice of law in Ohio in 2001. On December 4, 2008, following his conviction and sentencing on ten felony counts involving pandering sexually oriented matter involving a minor, we imposed an interim felony suspension on respondent's license pursuant to Gov.Bar R. V(5)(A)(4). *In re Butler*, 120 Ohio St.3d 1427, 2008-Ohio-6274, 897 N.E.2d 659.

{¶ 2} Based on the conduct underlying respondent's felony convictions for offenses that occurred in 2004 and 2005, relator, Disciplinary Counsel, has filed a complaint charging respondent with violations of DR 1-102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects upon his fitness to practice law).

{¶ 3} The board has accepted the parties' stipulation that respondent's criminal conduct violated DR 1-102(A)(3) and 1-102(A)(6). The board also agrees that respondent's lack of a prior disciplinary record, full and free disclosure to the board, and cooperative attitude toward the proceedings should be

considered in mitigation. See Section 10(B)(2)(a) and (d) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). It further concludes that none of the factors in aggravation set forth in BCGD Proc.Reg. 10(B)(1)(a) through (i) are present. Based upon these findings, the board recommends that respondent be indefinitely suspended from the practice of law in Ohio with no credit for time served under his interim suspension.

{¶ 4} We accept the board's findings of fact and misconduct and agree that the parties' stipulated sanction of an indefinite suspension with no credit for time served under his interim suspension is an appropriate sanction for respondent's misconduct. See *Disciplinary Counsel v. Ridenbaugh*, 122 Ohio St.3d 583, 2009-Ohio-4091, 913 N.E.2d 443, ¶ 2, 40-41 (imposing an indefinite suspension with credit for time served under an interim suspension order for misconduct involving acts of voyeurism and use of child pornography).

{¶ 5} Accordingly, we indefinitely suspend Brian Jeffrey Butler from the practice of law in Ohio, with no credit for time served under his interim suspension order. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

O'CONNOR, C.J., and MCGEE BROWN, J., dissent and would permanently disbar respondent.

————————————

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Brian Jeffrey Butler, pro se.

————————————