DAYTON BAR ASSOCIATION *v.* GREENBERG.

[Cite as *Dayton Bar Assn. v. Greenberg,* 135 Ohio St.3d 430, 2013-Ohio-1723.]

*Attorneys—Misconduct—Indefinite license suspension after felony conviction, with no credit for time served under the interim felony suspension.*

(No. 2012-2066—Submitted February 6, 2013—Decided May 1, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-092.

_____

**Per Curiam.**

{¶ 1} Respondent, Marc Norman Greenberg of Dayton, Ohio, Attorney Registration No. 0077480, was admitted to the practice of law in Ohio in 2004. We suspended Greenberg's license to practice law on November 23, 2010, on an interim basis pursuant to Gov.Bar R. V(5)(A)(4), upon receiving notice that he had been convicted of a felony. *In re Greenberg*, 127 Ohio St.3d 1437, 2010-Ohio-5690, 937 N.E.2d 117.

{¶ 2} Relator, Dayton Bar Association, charged Greenberg with violations of Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and (h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). A panel of the Board of Commissioners on Grievances and Discipline heard the case, including the parties' stipulations to the cited misconduct, made findings of misconduct, and recommended an indefinite suspension with no credit for time served under the interim suspension. The board adopted the panel's findings and recommended sanction, and, after the board issued its report, the parties stipulated to the findings and sanction. We adopt the board's findings of fact and misconduct. Having considered

Greenberg's misconduct, the aggravating and mitigating factors present, and the sanctions imposed for comparable misconduct, we adopt the board's recommended sanction.

**Misconduct**

{¶ 3}   The stipulated facts and testimony demonstrate that from February to April 2009, Greenberg used his computer to make contact with three undercover law-enforcement officers who were posing on the Internet as 12- and 13-year-old girls.  He entered various chat rooms that were geared toward meeting minor girls and identified himself at various times as an 18-year-old, a 25-year-old, and a 31-year-old male.  A series of sexually explicit conversations ensued between Greenberg and the undercover agents, during which Greenberg used his computer's webcam to stream to the agents video and pictures of his exposed penis and of himself masturbating.

{¶ 4}   Greenberg was indicted in the United States District Court for the Southern District of Ohio, Western Division.  The indictment alleged that he had transferred obscene material to minors in violation of 18 U.S.C. 1470.  Through plea negotiations, the initial indictment was dismissed in favor of a bill of information that alleged two counts: one count of possessing child pornography and one count of transferring obscene material to minors.  Greenberg entered a plea of guilty to both counts on August 4, 2010, and was sentenced to two years in a federal penitentiary.  In addition to the prison sentence, the federal court ordered that after his release Greenberg serve five years of supervised release, and it classified him as a sex offender, allowing only incidental contact with minor children, except his biological children, unless otherwise approved.  Greenberg was incarcerated on December 21, 2010, and was released on September 13, 2012.  Upon his arrest in May 2009, Greenberg had voluntarily stopped practicing law and had changed the status of his license to inactive.

**{¶ 5}** Based on these facts, the panel and the board found that Greenberg had violated Prof.Cond.R. 8.4(b) and (h) and recommended that he be indefinitely suspended, with no credit for time served under the interim felony suspension imposed on November 23, 2010. We agree.

### Sanction

**{¶ 6}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Each disciplinary case involves unique facts and circumstances; thus we are not limited to the factors specified in BCGD Proc.Reg. 10(B) and may take into account all relevant factors in determining which sanction to impose.

**{¶ 7}** As for mitigation, the parties stipulated, and the board noted, that Greenberg has no prior disciplinary record, voluntarily stopped practicing law, exhibited a cooperative attitude toward the disciplinary proceedings, acknowledged the wrongful nature of his misconduct, and made good-faith efforts to rectify the consequences of his actions. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), and (d). The board further found, as mitigating factors, that Greenberg has been subject to severe sanctions and penalties. *See* BCGD Proc.Reg. 10(B)(2)(f). Greenberg was sentenced to two years in a federal penitentiary 1,800 miles from his family, but was released early for good behavior; he was on home confinement for 19 months before his incarceration; he is under a five-year period of supervised release that began upon his release from incarceration; he must register as a sex offender; he is restricted to limited contact with minor children, except his biological children; he was subject to public humiliation as a result of

highly publicized proceedings; he has suffered financial devastation; and he will never be permitted to coach basketball again.

{¶ 8} Although the board did not find that Greenberg's mental condition qualified as a mental disability under BCGD Proc.Reg. 10(B)(2)(g), we additionally note that Greenberg participated in therapy before his incarceration and while he was in prison and that he plans to continue therapy for his diagnosed mental disorder, paraphilia.

{¶ 9} The board found that three aggravating factors were present: Greenberg exhibited a selfish motive in that he sought to use minors for self-gratification, *see* BCGD Proc.Reg. 10(B)(1)(b), he committed multiple offenses, *see* BCGD Proc.Reg. 10(B)(1)(d), and he intended to prey on vulnerable 12- and 13-year-old children.

{¶ 10} The board cites *Disciplinary Counsel v. Butler*, 128 Ohio St.3d 319, 2011-Ohio-236, 943 N.E.2d 1025, as instructive under these circumstances. In *Butler*, the respondent was convicted of ten felony counts of pandering sexually oriented material involving a minor, and we imposed an interim felony suspension on his license. *Id.* at ¶ 1. The board found that none of the factors in aggravation set forth in BCGD Proc.Reg. 10(B)(1) were present. It found in mitigation that the respondent lacked a prior disciplinary record, provided full and free disclosure to the board, and was cooperative in the proceedings. We agreed with the board's recommendation and imposed an indefinite suspension with no credit for time served under his interim suspension. *Id.* at ¶ 3, 4.

{¶ 11} *Disciplinary Counsel v. Ridenbaugh*, 122 Ohio St.3d 583, 2009-Ohio-4091, 913 N.E.2d 443, is also instructive. In that case, we imposed an indefinite suspension with credit for time served under an interim suspension order for misconduct involving acts of voyeurism and use of child pornography. The respondent in *Ridenbaugh*, as was Greenberg, was a young lawyer relatively new to the practice with no prior discipline, he fully cooperated in both the

disciplinary and criminal processes, and he made every attempt to rectify his misconduct by seeking and continuing treatment for his disorders. *Id.* at ¶ 15-17. The aggravating factors were similar to those here: a selfish motive and multiple offenses. *Id.* at ¶ 20-22. Also, as did Greenberg, the respondent deeply regretted his misconduct and the devastating effects on his family, friends, and colleagues, as noted by the court.

{¶ 12} When a lawyer engages in or attempts to engage in sexually motivated conduct with an underage person, an indefinite suspension of the lawyer's license to practice is appropriate. *Disciplinary Counsel v. Goldblatt,* 118 Ohio St.3d 310, 2008-Ohio-2458, 888 N.E.2d 1091, ¶ 18. "Moreover, lawyers convicted of felonies stemming from such conduct cannot expect to receive credit for an interim suspension imposed pursuant to Gov.Bar R. V(5)(A)(4). Such credit is given only when the attorney poses no danger of reoffending." *Id.*

{¶ 13} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction. Accordingly, we suspend Marc Greenberg from the practice of law in Ohio indefinitely, with no credit for time served under his interim felony suspension.

{¶ 14} Costs are taxed to Greenberg.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL, J., dissents and would disbar Greenberg.

O'NEILL, J., dissents and would grant Greenberg credit for time served under his interim felony suspension.

_____

Altick & Corwin Co., L.P.A., and Peter R. Certo, for relator.

Bieser, Greer & Landis, L.L.P., David C. Greer, and Gretchen M. Treherne, for respondent.

_____