DISCIPLINARY COUNSEL *v.* STOKES.

[Cite as *Disciplinary Counsel v. Stokes,* ___ Ohio St.3d ___, 2014-Ohio-5536.]

(No. 2014-1905—Submitted December 9, 2014—Decided December 18, 2014.)

ON MOTION FOR IMMEDIATE INTERIM REMEDIAL SUSPENSION.

_____

{¶ 1} On November 4, 2014, and pursuant to Gov.Bar R. V(5a)(A)(1)(b), relator, disciplinary counsel, filed with this court a motion for immediate interim remedial suspension pursuant to Gov.Bar R. V(5a), alleging that respondent, Angela Rochelle Stokes, has engaged in conduct that violates the Ohio Rules of Professional Conduct, the Ohio Code of Professional Responsibility, and the Ohio Code of Judicial Conduct and poses a substantial threat of serious harm to the public and the administration of justice. Respondent filed a response, and this matter was considered by the court.

{¶ 2} Upon consideration thereof and pursuant to Gov.Bar R. V(5a)(B), it is ordered and decreed that an interim remedial suspension is immediately entered against Angela Rochelle Stokes, Attorney Registration No. 0025650, last known business address in Cleveland, Ohio, and that the suspension be effective as of the date of this entry, pending final disposition of disciplinary proceedings predicated on the conduct threatening the serious harm. It is further ordered that the underlying disciplinary case in this matter is to proceed expeditiously.

{¶ 3} It is further ordered that respondent immediately cease and desist from the practice of law in any form and that respondent is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

**{¶ 4}** It is further ordered that effective immediately, respondent is forbidden to counsel, advise, or prepare legal instruments for others or in any manner perform legal services for others.

**{¶ 5}** It is further ordered that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 6}** It is further ordered that pursuant to Gov.Jud.R. III(7)(A), respondent is immediately suspended from judicial office without pay for the term of the suspension, pending further proceedings pursuant to law.

**{¶ 7}** It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

**{¶ 8}** It is further ordered that pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

**{¶ 9}** It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with this and all other orders issued by this

2

court, (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, and (4) this court orders respondent reinstated.

{¶ 10} It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of that award.

{¶ 11} It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

{¶ 12} 1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 13} 2. Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 14} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in his possession or control;

{¶ 15} 4. Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of his disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of

respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

**{¶ 16}** 5.  Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

**{¶ 17}** 6.  File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of the notices required herein, and setting forth the address where respondent may receive communications; and

**{¶ 18}** 7.  Retain and maintain a record of the various steps taken by respondent pursuant to this order.

**{¶ 19}** It is further ordered that respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

**{¶ 20}** It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.  All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

**{¶ 21}** It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Office of Attorney Services.

**{¶ 22}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

January Term, 2014

_____