DISCIPLINARY COUNSEL v. GROSSMAN.

[Cite as *Disciplinary Counsel v. Grossman,*
143 Ohio St.3d 302, 2015-Ohio-2340.]

(No. 2014-2156—Submitted February 4, 2015—Decided June 23, 2015.)

Per Curiam.

{¶ 1} Respondent, Jason Courtland Grossman, formerly of Worthington, Ohio, Attorney Registration No. 0084884, was admitted to the practice of law in Ohio in

2009. We suspended him on November 1, 2013, for failing to register as an attorney for the 2013–2015 biennium. *In re Attorney Registration Suspension of Grossman*, 136 Ohio St.3d 1544, 2013-Ohio-4827, 996 N.E.2d 973. And on February 5, 2014, we suspended his license on an interim basis upon receiving notice that he had been convicted of a felony. *In re Grossman*, 138 Ohio St.3d 1231, 2014-Ohio-360, 5 N.E.3d 652.

{¶ 2} On March 3, 2014, relator, disciplinary counsel, filed a complaint with the Board of Commissioners on Grievances and Discipline[1] alleging that Grossman had pleaded guilty to one count of receipt of visual depictions of child pornography in violation of 18 U.S.C. 2252(a)(2) and had thereby violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Grossman answered the complaint, admitted to his felony conviction, and did not contest the alleged misconduct.

{¶ 3} The chairperson of the panel of the board assigned to hear the matter granted the parties' joint motion to waive the hearing, and the matter was submitted to the panel on the parties' agreed stipulations of fact, misconduct, aggravating and mitigating factors, and exhibits. The parties jointly recommended an indefinite suspension as an appropriate sanction with an additional recommendation that Grossman should be required to wait until after he has completed his term of probation in his criminal case to petition for reinstatement. The panel and board adopted the parties' stipulations, recommended that Grossman be indefinitely suspended from the practice of law in Ohio, and also recommended that he not be permitted to petition for reinstatement until he has completed the term of probation imposed in his criminal case. We adopt the board's report in its entirety and indefinitely suspend Grossman from the practice of law in Ohio.

## Misconduct

{¶ 4} Grossman was charged by information in the United States District Court for the Southern District of Ohio in August 2013 with one count of receipt of visual depictions of child pornography. He pleaded guilty and on January 28, 2014, was sentenced to 60 months in prison and five years of supervised release. He was ordered to pay $1,500 in restitution, plus a special assessment of $100.

{¶ 5} Among the conditions of Grossman's supervision upon his release from prison are requirements that he (1) comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901 et seq.) as directed by his probation officer, the Bureau of Prisons, or the sex-offender-registration

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

agency of any state in which he resides, works, is a student, or was convicted of a qualifying offense, (2) participate in mental-health counseling, including sex-offender counseling, as directed by his probation officer, (3) not possess or have under his control any matter that is sexually explicit or that depicts or alludes to sexual activity or depicts minors under the age of 18, (4) register as a sex offender based upon the laws of the state of his residence, a requirement that may extend beyond the termination of his federal supervision, and (5) permit monitoring software to be installed on any computer he owns or has access to, as directed by his probation officer.

{¶ 6} The board noted that in addition to the child-pornography conviction, Grossman admitted that he had communicated online with an undercover police officer who was posing as the father of an 11–year–old girl and that they discussed various sex acts involving the fictitious girl before Grossman went to a prearranged location expecting to meet her. In his presentence psychological examination, Grossman stated that he did not believe that he would have had sexual contact with the minor but that he went to meet her out of curiosity. He also stated that he hoped that "he would not have acted on a fantasy."

{¶ 7} Grossman admitted and the board found that his conduct adversely reflected on his fitness to practice law in violation of Prof.Cond.R. 8.4(h). We adopt the board's findings of fact and misconduct.

### Sanction

{¶ 8} In determining what sanction to recommend to this court, the board considered the ethical duties the lawyer violated, the presence of aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B),[2] and the sanctions imposed in similar cases.

{¶ 9} The parties stipulated to one aggravating factor—that Grossman's conduct was directed at vulnerable victims. See BCGD Proc.Reg. 10(B)(1)(h). The board agreed with that stipulation and additionally found that although Grossman was not convicted of soliciting a minor for sexual contact, the evidence was clear that he possessed the dishonest motive to engage in that conduct and that he engaged in an ongoing course of conduct. See BCGD Proc.Reg. 10(B)(1)(b) and (c). And although the parties stipulated to the mitigating factor of no prior discipline, the board noted that Grossman's 2013 attorney-registration suspension constitutes a prior disciplinary offense and is, therefore, an aggravating factor. See BCGD Proc.Reg. 10(B)(1)(a); Disciplinary Counsel v. Anthony, 138 Ohio St.3d 129, 2013-Ohio-5502, 4 N.E.3d 1006, ¶ 11.

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

{¶ 10} As mitigating factors, the parties stipulated and the board found that Grossman made a full and free disclosure to the board and exhibited a cooperative attitude toward the disciplinary proceedings and that other penalties or sanctions have been imposed for Grossman's misconduct (i.e., incarceration, supervised release, and restitution). *See* BCGD Proc.Reg. 10(B)(2)(d) and (f).

{¶ 11} The board recommends that we indefinitely suspend Grossman from the practice of law and that he not be permitted to petition for reinstatement until he has completed the term of probation imposed as part of his criminal sentence. The board cites three cases in which we have imposed indefinite suspensions on attorneys who engaged in various sexually oriented offenses. *See Disciplinary Counsel v. Goldblatt,* 118 Ohio St.3d 310, 2008-Ohio-2458, 888 N.E.2d 1091 (indefinitely suspending an attorney who attempted to arrange a sexual encounter with a minor during conversations with an undercover FBI agent); *Disciplinary Counsel v. Ridenbaugh,* 122 Ohio St.3d 583, 2009-Ohio-4091, 913 N.E.2d 443 (indefinitely suspending an attorney who made audio tapes of his neighbors engaging in sexual relations, made a peephole into an adjoining apartment to view his female neighbor, and possessed child pornography); and *Columbus Bar Assn. v. Linnen,* 111 Ohio St.3d 507, 2006-Ohio-5480, 857 N.E.2d 539 (indefinitely suspending an attorney who indecently exposed himself to and photographed the reactions of at least 30 different women).

{¶ 12} In *Goldblatt, Ridenbaugh,* and *Linnen,* we recognized that when an attorney has committed sex crimes, an indefinite suspension protects the public, deters other lawyers from similar wrongdoing, and preserves the public's trust in the legal profession. *Goldblatt* at ¶ 29–30; *Ridenbaugh* at ¶ 13; *Linnen* at ¶ 28. An indefinite suspension also leaves open the possibility that the errant attorney may one day be rehabilitated, redeemed, and able to resume the competent, ethical, and professional practice of law. *See Goldblatt* at ¶ 23–26; *Ridenbaugh* at ¶ 40–41; *Linnen* at ¶ 30–32.

{¶ 13} Having considered Grossman's conduct, the applicable aggravating and mitigating factors, and the sanctions imposed for comparable misconduct, we agree that an indefinite suspension is the appropriate sanction in this case.

{¶ 14} Accordingly, Jason Courtland Grossman is indefinitely suspended from the practice of law in Ohio and shall not be permitted to petition for reinstatement until he has completed the term of probation imposed for his criminal offense. Costs are taxed to Grossman.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

Scott J. Drexel, Disciplinary Counsel, and Catherine M. Russo, Assistant Disciplinary Counsel, for relator.

Jason Courtland Grossman, pro se.