**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Martyniuk,* **Slip Opinion No. 2017-Ohio-4329.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-4329

DISCIPLINARY COUNSEL *v.* MARTYNIUK.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Martyniuk,* Slip Opinion No. 2017-Ohio-4329.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Indefinite suspension.*

(No. 2016-1821—Submitted March 1, 2017—Decided June 20, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-015.

————————————

**Per Curiam.**

{¶ 1} Respondent, Andrew Osyp Martyniuk, of Kent, Ohio, Attorney Registration No. 0064997, was admitted to the practice of law in Ohio in 1995.  On November 20, 2015, we suspended his license to practice for an interim period pursuant to Gov.Bar R.  V(18)(A)(1)(a) upon receiving notice that he had been

convicted of multiple felonies. *In re Martyniuk*, 144 Ohio St.3d 1265, 2015-Ohio-4746, 45 N.E.3d 1013.

{¶ 2} In April 2016, relator, disciplinary counsel, charged Martyniuk with violations of Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that adversely reflects on the lawyer's honesty or trustworthiness) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) based on his criminal conduct. The Board of Professional Conduct found that Martyniuk committed the charged misconduct and recommended that he be indefinitely suspended from the practice of law with no credit for the time served under his interim felony suspension. We adopt the board's findings of fact, misconduct, and aggravating and mitigating factors and its recommended sanction.

**Misconduct**

{¶ 3} On September 29, 2014, Martyniuk pleaded guilty to 20 fourth-degree-felony counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(5). Martyniuk stipulated that he had knowledge of the character of the material or performance involved and that he knowingly solicited, received, purchased, exchanged, possessed, or controlled material that showed a minor participating or engaging in sexual activity, masturbation, or bestiality. As a result of that conduct, he was sentenced to a five-year prison term, which was suspended on the condition that he serve five years of community control, complete a sex-offender evaluation and follow all the evaluator's recommendations, and pay a fine of $5,000 plus court costs. He was also required to register as a Tier II sex offender for a period of 25 years.

{¶ 4} The parties stipulated that Martyniuk's conduct adversely reflects on his fitness to practice law in violation of Prof.Cond.R. 8.4(h), and the matter proceeded to a hearing before a three-member panel of the board. Consistent with our decision in *Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-

3998, 997 N.E.2d 500, the board expressly determined that Martyniuk's conduct involving pornographic materials relating to minors was sufficiently egregious to warrant finding the violation. It also found that by engaging in that criminal conduct, he committed an illegal act that adversely reflects on his honesty and trustworthiness in violation of Prof.Cond.R. 8.4(b).

{¶ 5} We adopt the board's findings of fact and misconduct.

## Sanction

{¶ 6} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 7} The parties stipulated and the board found that just one aggravating factor is present—Martyniuk committed multiple offenses. *See* Gov.Bar R. V(13)(B)(4). And the parties agree and the board found that the applicable mitigating factors include the absence of a prior disciplinary record, Martyniuk's full and free disclosure (including his November 2015 self-reporting of his convictions to relator) and cooperative attitude in the disciplinary proceedings, his acknowledgment of the wrongful nature of his misconduct, and the imposition of other penalties and sanctions. *See* Gov.Bar R. V(13)(C)(1), (4), and (6).

{¶ 8} Martyniuk's disciplinary-hearing testimony demonstrates that he has never actively engaged in the practice of law. He was honorably discharged from the United States Air Force in 1992 and served as a research associate at the University of Cincinnati both during and after completing law school. Although he drafted several powers of attorney for people he knew through his church, he never charged a fee for his services. With no job opportunities available to him in Cincinnati, he moved into his parents' Kent home in 2003 and worked as the fiscal officer of the Kent Free Library until he was fired after his employer discovered pornography on his office computer in 2013.

**{¶ 9}**   Since his arrest, Martyniuk has served as the primary caretaker for his elderly parents.  At his disciplinary hearing, he expressed his desire to practice law but stated that he does not know what his future holds.  He has presented no evidence regarding a mental-health diagnosis or his ability to engage in the competent, ethical, and professional practice of law, either now or in the future.

**{¶ 10}** The board recommended that we indefinitely suspend Martyniuk from the practice of law and that he receive no credit for the time he has served under his interim felony suspension, and neither party has objected to that recommendation.  An indefinite suspension with no credit for the time served under an interim felony suspension is often the appropriate sanction for an attorney who has engaged in sexually motivated conduct involving children, and we agree that it is appropriate in this case. *See Disciplinary Counsel v. Grossman*, 143 Ohio St.3d 302, 2015-Ohio-2340, 37 N.E.3d 155 (indefinitely suspending an attorney convicted of receiving visual depictions of child pornography after he was caught in a law-enforcement operation in which he had discussed various sex acts involving a fictitious 11-year-old girl and had gone to a prearranged location expecting to meet her); *Dayton Bar Assn. v. Ballato*, 143 Ohio St.3d 76, 2014-Ohio-5063, 34 N.E.3d 858 (indefinitely suspending an attorney convicted of a single count of possessing child pornography that he ordered and downloaded from the Internet); *Disciplinary Counsel v. Butler*, 128 Ohio St.3d 319, 2011-Ohio-236, 943 N.E.2d 1025 (indefinitely suspending an attorney convicted of ten felony counts involving pandering sexually oriented material involving a minor).

**{¶ 11}** Accordingly, Andrew Osyp Martyniuk is indefinitely suspended from the practice of law in Ohio with no credit for the time he has served under his interim felony suspension.  Costs are taxed to Martyniuk.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

4

O'DONNELL, J., would permanently disbar respondent.

FISCHER, J., not participating.

––––––––––––––––––

Scott J. Drexel, Disciplinary Counsel, and Jennifer A. Bondurant, Assistant Disciplinary Counsel, for relator.

Buckingham, Doolittle & Burroughs, L.L.C., and Peter Thomas Cahoon, for respondent.

––––––––––––––––––