**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Connors*, **Slip Opinion No. 2020-Ohio-3339.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3339

DISCIPLINARY COUNSEL *v.* CONNORS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Connors*, Slip Opinion No. 2020-Ohio-3339.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Indefinite suspension.*

(No. 2020-0217—Submitted April 8, 2020—Decided June 18, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-040.

_____

**Per Curiam.**

{¶ 1} Respondent, David Kelsey Connors, of Columbus, Ohio, Attorney Registration No. 0090404, was admitted to the practice of law in Ohio in 2013. On May 7, 2019, we suspended his license on an interim basis upon receiving notice that he had been convicted of a felony. *In re Connors*, 156 Ohio St.3d 1317, 2019-Ohio-1716, 129 N.E.3d 488.

{¶ 2} In a July 24, 2019 complaint, relator, disciplinary counsel, alleged that the conduct underlying Connors's fifth-degree felony conviction for illegal use of a minor in nudity-oriented material adversely reflects on his honesty, trustworthiness, and fitness to practice law.

{¶ 3} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and agreed that an indefinite suspension is the appropriate sanction for Connors's misconduct. After Connors testified at a hearing before a panel of the Board of Professional Conduct, the board issued a report finding that Connors had committed the charged misconduct and recommending that we indefinitely suspend him from the practice of law with no credit for the time he has served under his interim felony suspension.

{¶ 4} We accept the board's findings of misconduct and indefinitely suspend Connors from the practice of law in Ohio with no credit for the time he has served under his interim felony suspension.

### Stipulated Facts and Misconduct

{¶ 5} In March 2017, law-enforcement officers executed a search warrant at Connors's home and recovered from electronic devices more than 1,000 images of child pornography and erotica involving prepubescent females. A September 6, 2018 indictment charged Connors with five fifth-degree felony counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323. On February 6, 2019, the Franklin County Court of Common Pleas accepted Connors's guilty plea to one count and granted the prosecution's motion to enter a nolle prosequi as to the remaining four counts. On March 12, 2019, the court sentenced Connors to two years of community control and ordered him to register as a Tier I sex offender for 15 years.

{¶ 6} Connors stipulated that his electronic devices contained more than 1,000 images of child pornography and erotica involving prepubescent females. At his disciplinary hearing, however, he testified that "[a] thousand seems too

many" and he could not say whether there were more than 100 such images. He denied that the images portrayed children in sexual acts and claimed that the images were close-ups of female genitalia. He claimed that that was why he was charged with a fifth-degree felony instead of a felony of a greater degree.

{¶ 7} Connors testified that he knew that it is illegal to download child pornography and that he understood that prepubescent children involved in child pornography are inherently victims being exploited and that by downloading and sharing such images online, he had perpetuated their abuse. Although he testified that he did not download the images by accident and that he transferred the images to a USB drive so that he could view them on a television screen for his sexual gratification, he claimed that he did not knowingly download something that he thought was illegal. The board found that he had continued to download such images even though he knew that doing so was illegal.

{¶ 8} The parties stipulated that Connors's conduct violates Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). The board adopted those stipulations and expressly found that Connors's conviction for a felony sex offense involving children—a crime of moral turpitude—was sufficiently egregious to warrant finding an additional violation of Prof.Cond.R. 8.4(h), *see Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21.

### Stipulated Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} The parties stipulated and the board found that two aggravating factors are present in this case—Connors's multiple offenses and the vulnerability and harm to the victims of his misconduct. *See* Gov.Bar R. V(13)(B)(4) and (8). As for mitigating factors, the parties agreed that Connors does not have a prior disciplinary record and had made full and free disclosure to the board or exhibited a cooperative attitude toward the disciplinary proceedings, had other sanctions imposed for his misconduct, and obtained treatment to address his issues relating to pornography. *See* Gov.Bar R. V(13)(C)(1), (4), (6), and (8). Specifically, Connors submitted a letter from his licensed mental-health counselor and sex-addiction therapist stating that he had had at least 20 sessions with Connors between April 2017 and June 2018. Connors testified that another therapist he began to see more recently for depression had given him exercises to do at home and recommended some books that might be helpful. According to Connors, he has discussed his treatment with his probation officer and it complies with his criminal sanction.

{¶ 11} The parties stipulated that an indefinite suspension with no credit for the time served under Connors's interim felony suspension is the appropriate sanction for his misconduct. The board adopted the parties' stipulated sanction and recommends that Connors's reinstatement be conditioned on the submission of proof that he has (1) complied with the terms of his court-ordered community control, (2) engaged in continued treatment or counseling as recommended by a qualified healthcare professional, and (3) obtained a prognosis from a qualified healthcare professional that he is capable of returning to the competent, ethical, and professional practice of law.

{¶ 12} In support of its recommended sanction, the board cited four decisions in which we imposed indefinite suspensions on attorneys who had pleaded guilty to similar offenses involving child pornography. *See Disciplinary Counsel v. Ridenbaugh*, 122 Ohio St.3d 583, 2009-Ohio-4091, 913 N.E.2d 443

(three fourth-degree felony counts of pandering sexually oriented matter involving a minor and one fifth-degree felony count of illegal use of a minor in nudity-oriented material or performance); *Dayton Bar Assn. v. Ballato*, 143 Ohio St.3d 76, 2014-Ohio-5063, 34 N.E.3d 858 (one felony count of possessing child pornography); *Disciplinary Counsel v. Grossman*, 143 Ohio St.3d 302, 2015-Ohio-2340, 37 N.E.3d 155 (one count of receipt of visual depictions of child pornography); *Disciplinary Counsel v. Martyniuk*, 150 Ohio St.3d 220, 2017-Ohio-4329, 80 N.E.3d 488 (20 fourth-degree felony counts of pandering sexually oriented material involving a minor).

{¶ 13} Having independently reviewed the record and relevant precedent, we agree that an indefinite suspension with the specified conditions on Connors's reinstatement is the appropriate sanction in this case.

## Conclusion

{¶ 14} Accordingly, David Kelsey Connors is indefinitely suspended from the practice of law with no credit for the time he has served under his interim felony suspension. In addition to the requirements of Gov.Bar R. V(25), Connors's reinstatement shall be conditioned on the submission of proof that he has (1) complied with the terms of his court-ordered community control, (2) engaged in continued treatment or counseling as recommended by a qualified healthcare professional, and (3) obtained a prognosis from a qualified healthcare professional that he is capable of returning to the competent, ethical, and professional practice of law. Costs are taxed to Connors.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Adam P. Bessler, Assistant Disciplinary Counsel, for relator.

Jason Beehler, for respondent.

_____