**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Toledo Bar Assn. v. Long*, **Slip Opinion No. 2021-Ohio-3967.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3967

TOLEDO BAR ASSOCIATION *v*. LONG.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo Bar Assn. v. Long*, Slip Opinion No. 2021-Ohio-3967.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Indefinite suspension imposed with no credit for time served under interim felony suspension.*

(No. 2021-0751—Submitted August 3, 2021—Decided November 10, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-036.

_____

**Per Curiam.**

{¶ 1} Respondent, Stephen Dennis Long, formerly of Toledo, Ohio, Attorney Registration No. 0063824, was admitted to the practice of law in Ohio in 1994.  On March 20, 2019, we suspended him from the practice of law on an interim basis after he was convicted of multiple felony counts of pandering sexually oriented matter involving a minor and illegal use of a minor in nudity-oriented

material or performance. *See In re Long*, 156 Ohio St.3d 1270, 2019-Ohio-952, 126 N.E.3d 1195.

**{¶ 2}** In a July 2019 complaint, relator, Toledo Bar Association, alleged that the conduct underlying Long's criminal convictions constituted illegal acts that adversely reflect on his honesty, trustworthiness, and fitness to practice law.

**{¶ 3}** A three-member panel of the Board of Professional Conduct was appointed to hear the case. The parties submitted stipulations of fact and misconduct and agreed that Long should be indefinitely suspended from the practice of law with no credit for time served under his interim suspension. They also filed a joint motion to waive the hearing in this matter, which the panel chairperson granted. After considering the parties' stipulations, the applicable aggravating and mitigating factors, and this court's precedent, the panel found that Long committed the charged misconduct and recommended that he be indefinitely suspended from the practice of law with no credit for time served under his interim suspension. The board adopted the findings and recommendation of the panel, and no objections have been filed.

**{¶ 4}** We adopt the board's findings of misconduct and recommended sanction.

### Stipulated Facts and Misconduct

**{¶ 5}** On May 2, 2017, a search warrant was executed at Long's residence. Based on evidence obtained in that search, a Wood County grand jury indicted Long on five second-degree-felony counts of pandering sexually oriented matter involving a minor and one fifth-degree-felony count of possessing criminal tools. *See State v. Long*, Wood C.P. No. 2017CR0556 (Nov. 16, 2017). Another Wood County grand jury later indicted Long on eight additional counts of pandering sexually oriented matter involving a minor and two counts of illegal use of a minor in nudity-oriented material or performance—all second-degree felonies. *See State v. Long*, Wood C.P. No. 2018CR0141 (Mar. 22, 2018).

{¶ 6} On December 10, 2018, Long entered no-contest pleas and was found guilty of all the charges in both cases. On March 11, 2019, the trial court sentenced him to an aggregate ten-year prison term. The trial court also designated Long a Tier II sex offender. Long appealed his convictions to the Sixth District Court of Appeals, which affirmed his convictions on August 14, 2020. *See generally State v. Long*, 2020-Ohio-4090, 157 N.E.3d 362 (6th Dist.), *appeal not accepted*, 160 Ohio St.3d 1496, 2020-Ohio-5634, 159 N.E.3d 282, *cert. denied*, ___ U.S. ___, 141 S.Ct. 2611, 209 L.Ed.2d 740 (2021).

{¶ 7} As a result of Long's criminal convictions, the parties stipulated and the board found that Long violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We accept these findings and agree that Long's illegal conduct was sufficiently egregious to constitute a separate violation of Prof.Cond.R. 8.4(h). *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21.

**Sanction**

{¶ 8} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the attorney violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 9} As for aggravating factors, the parties and the board cited Long's multiple offenses and the vulnerability of and resulting harm to the victims of his conduct, who were minors. *See* Gov.Bar R. V(13)(B)(4) and (8). As for mitigating factors, the board accepted the parties' stipulations that Long (1) does not have a record of prior discipline, (2) made full and free disclosure to the board and exhibited a cooperative attitude toward the disciplinary proceedings, (3) had other

penalties or sanctions imposed for his conduct, and (4) has received ongoing counseling since his incarceration. *See* Gov.Bar R. V(13)(C)(1), (4), (6), and (8).

{¶ 10} The board recommends that we adopt the parties' stipulated sanction of an indefinite suspension with no credit for the time that Long has served under his interim felony suspension. In support of that sanction, the board notes that we have imposed the same sanction on seven other attorneys who were convicted of similar offenses. *See, e.g.*, *Disciplinary Counsel v. Connors*, 160 Ohio St.3d 338, 2020-Ohio-3339, 156 N.E.3d 895 (attorney convicted of one felony count of illegal use of a minor in nudity-oriented material or performance and ordered to register as a Tier I sex offender for 15 years); *Disciplinary Counsel v. Martyniuk*, 150 Ohio St.3d 220, 2017-Ohio-4329, 80 N.E.3d 488 (attorney convicted of 20 felony counts of pandering sexually oriented material involving a minor and ordered to register as a Tier II sex offender for 25 years); *Disciplinary Counsel v. Grossman*, 143 Ohio St.3d 302, 2015-Ohio-2340, 37 N.E.3d 155 (attorney convicted in federal court of one count of receipt of visual depictions of child pornography after he communicated with an undercover police officer posing as the father of a fictitious 11-year-old girl and went to a prearranged location expecting to meet her).

{¶ 11} After independently reviewing the record in this case and our precedent, we adopt the board's findings of misconduct and agree that an indefinite suspension with no credit for time served under our interim suspension order is the appropriate sanction in this case.

## Conclusion

{¶ 12} Accordingly, Stephen Dennis Long is indefinitely suspended from the practice of law in Ohio with no credit for the time that he has served under the interim felony suspension imposed on March 20, 2019. Costs are taxed to Long.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Johnson & Associates and D. Lee Johnson Jr.; Bugbee & Conkle, L.L.P., and Janelle M. Matuszak; and Joseph P. Dawson, Bar Counsel, for relator.

Stephen Dennis Long, pro se.

_____